# White *v.* Keystone Telephone Company.

*Negligence—Telephone company—Obstruction on sidewalk.*

In an action against a telephone company to recover damages for personal injuries sustained by falling after dark over a pile of stones on a sidewalk of a dimly lighted street, the case is for the jury where the testimony for plaintiff is that a few days before the accident the defendant company secured a permit to lay conduits on the street and had begun work and was occupying the street for that purpose, that on the day of the accident the paving stones had been removed from the cartway and piled on the pavement, the conduits laid and the trench filled with earth; and that on the morning after the accident the same workmen who had removed the stones from the street and piled them on the pavement, placed them back on the street.

Argued March 20, 1905.   Appeal, No. 355, Jan. T., 1904, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1901, No. 4084, on verdict for plaintiff in case of Hope Annie White v. Keystone Telephone Company.   Before DEAN, FELL, BROWN, MESTREZAT and ELKIN, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before SULZBERGER, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $5,500.   Defendant appealed.                -

*Error assigned* was in refusing binding instructions for defendant.

*Charles S. Wesley*, with him *Edwin O. Michener*, for appellant.

*Harry A. Mackey*, with him *Ellis & Sagebeer*, for appellee.

PER CURIAM, April 10, 1905:

The plaintiff was injured by falling after dark over a pile of paving stones that had been left on the sidewalk of a dimly lighted street.   The sidewalk was three feet wide, the pile of stones a foot high, and no means were taken to give notice of the obstruction.   The only question raised by the assignments

of error is whether the case should have been withdrawn from the jury because of the failure to connect the defendant with the commission of the negligent act. It appeared from the plaintiff's testimony that a few days before the accident the defendant secured a permit to lay conduits on the street and had begun the work and was occupying the street for that purpose; that on the day of the accident the paving stones had been removed from the cartway and piled on the pavement, the conduits laid and the trench refilled with earth; that on the morning after the accident the same workmen who had removed the stones from the street and piled them on the pavement placed them back on the street. While there was no direct proof that the stones were piled on the pavement by the defendant's workmen, the circumstances shown reasonably led to that conclusion and excluded any other conclusion equally reasonable. There was sufficient evidence to make out a prima facie case.

The judgment is affirmed.